UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-13186-RWZ

WILLIAM R. RABIDEAU, JR.

v.

RAYMOND MARCHILLI

MEMORANDUM OF DECISION

October 27, 2014

ZOBEL, D.J.

**I. Facts**

On February 2, 2000, petitioner William R. Rabideau, Jr. was convicted of one count of statutory rape of a child, and acquitted of two other counts of statutory rape of a child. He was sentenced the next day, February 3, 2000.

Nearly six years later on December 12, 2005, petitioner moved in the trial court for permission to file a late notice of appeal. That motion was denied on January 3, 2006, as the trial court lacked jurisdiction under Mass. R. App. P. Rule 4(b) to authorize the filing of an appeal nearly six years late. That denial was affirmed by the Massachusetts Appeals Court on May 8, 2007. Commonwealth v. Rabideau, 68 Mass. App. Ct. 1121 (2007).

On July 18, 2011, more than four years after that decision, petitioner filed a motion for a new trial. The trial court denied that motion, and the Appeals Court

affirmed the denial on April 8, 2013. The Supreme Judicial Court denied petitioner's application for further appellate review on September 11, 2013.

Petitioner filed this petition for habeas corpus on December 6, 2013.

## II. Analysis

The statute of limitations for federal habeas corpus proceedings by state prisoners is provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). That section provides for a one-year period from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It further states that this time shall be tolled during the period when "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Under Massachusetts law, a criminal defendant has thirty days after the imposition of a sentence to file an appeal. Mass. R. App. P. 4(b). Petitioner was sentenced on February 3, 2000. Thirty days after that date, March 4, 2000, petitioner's time for filing for direct review of his conviction lapsed, and the AEDPA statute of limitations began to run. The limitations period lapsed one year later, on March 5, 2001. Petitioner took no further action to seek review until December 12, 2005. Although state collateral review may toll a statute of limitations, it may not resurrect an already dead petition. See Cordle v. Guarino, 428 F.3d 46, 48 n. 4 (1st Cir. 2005).

Though the statute of limitations may be equitably tolled, tolling is reserved for cases in which exceptional circumstances beyond the litigant's control have prevented him from seeking habeas relief. See Cordle, 428 F.3d at 48. The petitioner bears the

2

burden of establishing grounds warranting equitable tolling. Id. No such showing was made here; equitable tolling is not warranted.

This petition is therefore barred by the statute of limitations.

## III.  Conclusion

Respondent's motion to dismiss is therefore ALLOWED.

Judgment may be entered dismissing the petition.

A certificate of appealability will not issue, as the petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

|  |  |
|---|---|
|    October 27, 2014    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |